UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN WESTMAN,<br><br>                Petitioner,<br>v.<br><br>JACK PALMER, et al.,<br><br>                Respondents. | Case No. 3:12-cv-00675-MMD-WGC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition. (Dkt. no. 10.)

I. **PROCEDURAL HISTORY**

On April 27, 2009, the State charged petitioner in the Second Judicial District Court for the State of Nevada, by information with the following: Count I, causing substantial bodily harm to another by driving a vehicle while under the influence of alcohol; and Count II, leaving the scene of an accident involving personal injury. (Exhibit 5.)[1] Pursuant to negotiations, petitioner pled guilty to Count I. (Exhibits 6, 7.) The court sentenced petitioner on June 18, 2009, to 57-143 months and restitution. (Exhibit 10.) On June 19, 2009, the court filed the judgment of conviction. (Exhibit 11.)

Petitioner did not file a direct appeal to the Nevada Supreme Court.

---

[1] The exhibits referenced in this order are found in the Court's record at dkt nos. 11, 12, and 16.

On December 11, 2009, petitioner, acting in *pro per*, filed a post-conviction petition for a writ of habeas corpus in the state district court. (Exhibit 14.) Appointed counsel filed a supplemental petition on February 1, 2011. (Exhibit 31.) The court held an evidentiary hearing on November 8, 2011. (*See* Exhibit 1.) On December 27, 2011, the state district court filed a written order which ruled that counsel was not ineffective and which denied the petition. (Exhibit 40.)

Petitioner appealed the denial of his state post-conviction habeas petition. (Exhibit 42.) In his fast track statement before the Nevada Supreme Court, petitioner argued these issues:

> A. Counsel was ineffective under the 6th & 14th Amendments of the United States Constitution at the sentencing proceeding for failing to bring forth mitigation evidence. The sentence violated the 8th Amendment of the United States Constitution.
>
> B. Counsel was ineffective under the 6th & 14th Amendments of the United States Constitution at sentencing for failing to argue against the admission of suspect evidence/argument, in violation of the Fifth Amendment rights to due process under the law.

(Exhibit 40, at p. 6.) In an order filed November 14, 2012, the Nevada Supreme Court affirmed the denial of the post-conviction habeas petition. (Exhibit 53.) Remittitur issued on December 11, 2012. (Exhibit 55.)

On December 15, 2012, petitioner dispatched his federal habeas petition to this Court. (Dkt. no. 7, at p. 1.) Petitioner's federal petition repeats the arguments made in the fast track statement before the Nevada Supreme Court, verbatim, with petitioner inserting pages from the fast track statement within the federal petition. Ground 1 of the federal petition corresponds to Argument A of the fast track statement. (*Compare* dkt. no. 7, at pp. 4-6 *with* Exhibit 40, at pp. 7-9.) Ground 2 of the federal petition corresponds to Argument B of the fast track statement. (*Compare* dkt. no. 7, at pp. 6 *with* Exhibit 40, at p. 9.) Respondents move to dismiss the petition as procedurally barred and conclusory. (Dkt. no. 10.) Petitioner filed an opposition to the motion. (Dkt. no. 14.) Respondents filed a reply (dkt. no. 15) and a supplemental exhibit (dkt. no. 16).

///

## II. DISCUSSION

### A. Ground 1 of the Petition

In Ground 1 of the federal petition, petitioner alleges that (a) counsel was ineffective for failing to present mitigation evidence at sentencing; and (b) his sentence violated the Eighth Amendment because it is grossly disproportionate to the crime. (Dkt. no. 7, at pp. 4-6.) Respondents contend that petitioner's Eighth Amendment claim in Ground 1(b) is procedurally defaulted.

#### 1. Procedural Default Principles

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

#### 2. Ground 1(b) was Procedural Defaulted in State Court on Independent and Adequate State Law Grounds

In Ground 1(b) of the federal petition, petitioner argues that his sentence violated the Eighth Amendment because it is grossly disproportionate to the crime. (Dkt. no. 7, at pp. 4-5.) Petitioner raised the same Eighth Amendment claim in his fast track statement

3

before the Nevada Supreme Court. (Exhibit 49, at pp. 7-8.) The Nevada Supreme Court found petitioner's Eighth Amendment claim procedurally defaulted. The Nevada Supreme Court ruled: "Westman also contends that his sentence violated the Eighth Amendment. We decline to consider this claim because he did not raise this claim in his proper person post-conviction petition or supplemental petition. See Hill v. State, 114 Nev. 169, 178, 953 P.2d 1077, 1084 (1998)." (Exhibit 53, at p. 2.) Where an issue is not raised in the state district court, the Nevada Supreme Court declines to consider the issue on appeal. *See Hill v. State*, 114 Nev. 169, 178, 953 P.2d 1077, 1084. A state procedural bar is "independent" if the state court explicitly invokes the procedural rule as a separate basis for its decision. *McKenna v. McDaniel*, 64 F.3d 1483, 1488 (9th Cir. 1995). This Court finds that the Nevada Supreme Court's application of the procedural bar was based on an independent state law ground.

        A state procedural rule is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996). In asserting that the Nevada Supreme Court applied the rule declining to consider an argument not raised in the lower court, respondents have carried their burden regarding the adequacy of the state procedural bar. *See Bennett v. Miller*, 322 F.3d 573, 585-86 (9th Cir. 2003). The burden then shifts to petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.* at 586. In the instant case, petitioner failed to address the issue of procedural default in his opposition to the motion to dismiss. (Dkt. no. 14.) The Eighth Amendment claim was denied on adequate and independent state law procedural grounds. This federal court is barred from considering a habeas claim where state procedural requirements were not met. *See Coleman v. Thompson*, 510 U.S. at 731-32.

///

///

### 3. Cause and Prejudice

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

Petitioner has not addressed the issue of procedural default and has not asserted any reason for his failure to properly raise his Eighth Amendment claim in the state district court before presenting the claim to the Nevada Supreme Court. Neither the petition itself, nor petitioner's opposition to the motion to dismiss address the procedural default of Ground 1(b) or asserts any argument of cause and prejudice to excuse the procedural default. This Court finds that Ground 1(b) of the federal petition, alleging that petitioner's sentence violated the Eighth Amendment because it is grossly disproportionate to the crime, is procedurally barred from review and will be dismissed with prejudice.

### B. Ground 2 of the Petition

In Ground 2 of the federal petition, petitioner alleges that counsel was ineffective during sentencing for failing to argue against the admission of suspect evidence and argument. (Petition, dkt. no. 7, at p. 6.) Respondents argue that petitioner's claim is conclusory. Petitioner supports his claim by alleging that the state district court's comments at the evidentiary hearing held after sentencing — that the court could not make a determination as to whether the mitigation evidence presented at the evidentiary hearing would have altered the sentencing — resulted in petitioner being sentenced without full and accurate information. (*Id.*) The Court finds that Ground 2 is not so conclusory as to prevent respondents from formulating an answer to this claim. Moreover, to the extent that respondents admit that the transcript of a state district court oral argument held on November 8, 2011, in state district court case no. 98-2392, is

///

pertinent to this issue and was filed by respondents as Exhibit 56 in this action, the same shall be discussed in respondents' answer to Ground 2 of the petition.

### III. CONCLUSION

It is therefore ordered that respondents' motion to dismiss (dkt no. 10) the petition is granted in part and denied in part, as follows:

1. Ground 1(a) of the federal petition, alleging that counsel was ineffective for failing to present mitigation evidence at sentencing, is not procedurally barred and shall proceed as pled.

2. Ground 1(b) of the federal petition, alleging that petitioner's sentence violated the Eighth Amendment because it is grossly disproportionate to the crime, is procedurally barred and is dismissed with prejudice from this action.

3. Ground 2 of the federal petition is not conclusory and shall proceed as pled.

It is further ordered that respondents shall file and serve an answer to the Ground 1(a) and Ground 2 of the petition within thirty (30) days from the entry of this order. The answer shall include substantive arguments on the merits as to Grounds 1(a) and 2 of the petition. No further motions to dismiss will be entertained.

It is further ordered that petitioner shall file and serve a reply to the answer, within thirty (30) days after being served with the answer.

DATED THIS 17th day of January 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE