UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN WESTMAN,<br><br>            Petitioner,<br>    v.<br>JACK PALMER, et al.,<br><br>            Respondents. | Case No. 3:12-cv-00675-MMD-WGC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. This matter comes before the Court on the merits of the petition.

**I.    PROCEDURAL HISTORY**

On April 27, 2009, the State charged petitioner in the Second Judicial District Court for the State of Nevada, by information with the following: Count I, causing substantial bodily harm to another by driving a vehicle while under the influence of alcohol; and Count II, leaving the scene of an accident involving personal injury. (Exh. 5.)[1] Pursuant to negotiations, petitioner pled guilty to Count I. (Exhs. 6, 7.) The court sentenced petitioner on June 18, 2009, to 57-143 months imprisonment and restitution. (Exh. 10.) On June 19, 2009, the court filed the judgment of conviction. (Exh. 11.)

Petitioner did not file a direct appeal to the Nevada Supreme Court.

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 11, 12 and 16.

On December 11, 2009, petitioner, acting in *pro per*, filed a post-conviction petition for a writ of habeas corpus in the state district court. (Exh. 14.) Appointed counsel filed a supplemental petition on February 1, 2011. (Exh. 31.) The state district court held an evidentiary hearing on November 8, 2011. (Exh. 56.) On December 27, 2011, the state district court filed a written order which ruled that counsel was not ineffective and which denied the petition. (Exh. 40.)

Petitioner appealed the denial of his state post-conviction habeas petition. (Exh. 42.) In his fast track statement before the Nevada Supreme Court, petitioner argued these issues:

> A. Counsel was ineffective under the 6th & 14th Amendments of the United States Constitution at the sentencing proceeding for failing to bring forth mitigation evidence. The sentence violated the 8th Amendment of the United States Constitution.
>
> B. Counsel was ineffective under the 6th & 14th Amendments of the United States Constitution at sentencing for failing to argue against the admission of suspect evidence/argument, in violation of the Fifth Amendment rights to due process under the law.

(Exh. 49 at 6.) In an order filed November 14, 2012, the Nevada Supreme Court affirmed the denial of the post-conviction habeas petition. (Exh. 53.) Remittitur issued on December 11, 2012. (Exh. 55.)

On December 15, 2012, petitioner dispatched his federal habeas petition to this Court. (ECF No. 7 at 1.) Petitioner's federal petition repeats the arguments made in the fast track statement before the Nevada Supreme Court, verbatim, with petitioner inserting pages from the fast track statement within the federal petition. (*Compare* ECF No. 7 *with* Exh. 49.) Respondents moved to dismiss the petition. (ECF No. 10.) By order filed January 17, 2014, the Court granted in part, and denied in part, the motion to dismiss. (ECF No. 17.) Specifically, the Court ruled that Ground 1(b) of the federal petition, which alleged violation of the Eighth Amendment, was procedurally barred and dismissed with prejudice. (*Id.*) The Court ruled that Ground 1(a) and Ground 2 of the federal petition, both of which allege ineffective assistance of counsel, shall proceed. (*Id.*) The Court directed respondents to file an answer addressing the merits of Grounds

1(a) and 2 of the petition. (*Id.*). Respondents filed an answer. (ECF No. 19.) Petitioner filed a reply to the answer. (ECF No. 22.) The Court now considers the merits of the remaining claims in the federal petition.

## II.     FEDERAL HABEAS CORPUS STANDARDS

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)). The formidable standard set forth in section 2254(d) reflects the view that habeas corpus is "'a guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409). In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

In a federal habeas proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the burden set in § 2254(d) and (e) on the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011).

## III. DISCUSSION

### A. Ineffective Assistance of Counsel Standard

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) counsel's performance was unreasonably deficient, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must

4

show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court has described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen v. Pinholster*, 563 U.S. at 190 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 112-113, 129 S.Ct. 1411, 1413 (2009)). In *Cullen v. Pinholster*, the Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . through the 'deferential lens of § 2254(d).'" 563 U.S. at 190 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Id*. at 185. "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. at 104 (quoting *Strickland*, 466

U.S. at 689). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id.* (internal quotations and citations omitted.)

### B.   Analysis

In Ground 1(a) of the federal petition, petitioner alleges that he received ineffective assistance of counsel at the sentencing stage because counsel failed to provide mitigation evidence at sentencing to explain his youth, his ability to gain inpatient treatment for his addiction, including the willingness of his parents to pay for treatment, his loving and generous nature, and his remorse for the victim. (ECF No. 7 at 5-6.) In Ground 2 of the federal habeas petition, petitioner claims that "counsel was ineffective under the 6th & 14th Amendments of the United States Constitution during the sentencing stage of the case by failing to argue against the admission of suspect evidence/argument . . . ." (ECF No. 7 at 6.)

At the evidentiary hearing regarding petitioner's state post-conviction habeas petition, the state district court orally found as follows:

> It's always difficult to figure out what I might have done differently had I heard some different evidence, so I can't tell you what I would have done in 2009. All I can do is say whether or not the sentence structure would change based on the evidence I heard today if I were hearing this sentencing fresh as though it were new.
>
> And considering what the State argued and the injuries to the victim, which were substantial, and the statements of his family, I do not believe I would have changed the sentence that was recommended by the Division [of Parole and Probation]. I think I would have followed that recommendation.
>
> Based on all of those circumstances, I can't find that Mr. Story [petitioner's counsel] was below the standard of care in proceeding to argue what he did. The sentence was reasonable.
>
> I don't take into consideration when I sentence someone, when they're going to get out on house arrest or not. That's not something I consider because I don't know what the Department of Prisons is going to do. They have regulations. They can change those regulations. I go by what the statutory scheme is, and what the Department of Prisons and the parole board does with that is their decision, something that I can't take into consideration when I'm sentencing someone. So it doesn't enter into my determination.

///

> I based it on the things I did: The circumstances of the offense, the prior criminal history of the defendant, the reasonableness of the Division of Parole and Probation, and the arguments of counsel.
>
> Based upon all of that, I can't find Mr. Story fell below the standard of care, and therefore I'm going to deny your petition.

(Exh. 56 at 63-64.) In the written order denying the post-conviction petition, the state district court found and held as follows:

> 6. At the evidentiary hearing, petitioner pursued only two claims — his counsel was ineffective for failing to (1) present mitigating evidence at the sentencing hearing; and (2) argue for a lesser sentence because counsel's representation that petitioner would be transferred to a minimum security prison and earn more good time and thus be released before he had served 57 months was not true.
>
> 7. The Court denies the claims. At the evidentiary hearing, petitioner presented the testimony of petitioner's daughters, wife, son and parents. They described petitioner in favorable terms — that he was employable, a good person, non-violent, interested in his family, but that he had made some bad decisions. They stated that they would support him and help him obtain appropriate counseling and rehabilitative services.
>
> 8. Had petitioner's family appeared before the court at the sentencing hearing, the court would have given petitioner the same sentence. The court based its sentencing decision on the facts of the crime and petitioner's extensive criminal record. Petitioner struck a pedestrian while driving under the influence. Petitioner's blood alcohol level was over 0.22 at the time of the accident. The pedestrian suffered significant physical injuries, which amounted to about $80,000 in medical bills. Petitioner has been previously convicted of violence offenses — domestic violence and child abuse — and had previous convictions for driving under the influence and possession of a controlled substance. The testimony of petitioner's family members was not so compelling that it would have resulted in a different sentence.
>
> 9. The court likewise denies petitioner's claim that his counsel should not have agreed with the sentencing recommendation of Parole and Probation, given that counsel's prediction when petitioner would be released was wrong. Petitioner argues that his counsel told him two days before the sentencing hearing that petitioner would not have to serve all of his minimum sentence in prison, and that petitioner would be released to house arrest after about a year in prison. Petitioner asserts that such advice was faulty, because petitioner was not eligible for house arrest, given his previous conviction for lewdness.
>
> 10. Petitioner fails to show any prejudice, assuming his counsel told him he would be released on house arrest after about a year in prison. Given the facts and circumstances of the crime in this case and petitioner's criminal history, this court would have given petitioner the same sentence, regardless of counsel's sentencing argument or his counsel to petitioner.

> 11. Accordingly, for the foregoing reasons, the court finds that counsel was not deficient in his representation of petitioner. Nor did petitioner suffer any prejudice from that representation. Thus, petitioner was afforded the effective assistance of counsel as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

(Exh. 40, at 2-3.)

On appeal, the Nevada Supreme Court addressed both of the issues raised in Grounds 1(a) and 2 of the federal habeas petition:

> Westman argues that the district court erred by denying his claim that counsel was ineffective for failing to bring forth mitigation evidence at sentencing in the form of multiple character witnesses. He further claims that the lack of mitigating evidence resulting in a sentence "based upon impalpable or highly suspect evidence" because the district court had "less than full and accurate information." When reviewing the district court's resolution of an ineffective assistance claim, we give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the district court's application of the law to those facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Here, the district court conducted an evidentiary hearing during which Westman, his counsel, and several family members testified. Westman's family testified that he was a good father and brother, that he was employable, and that he was good person. The district court found that the testimony of Westman's family was not compelling, considering the offense and Westman's criminal history, and concluded that the additional mitigating evidence could not have resulted in a different sentence. Thus, the district court concluded that Westman failed to show that trial counsel was ineffective. See Strickland v. Washington, 446 U.S. 668, 678-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). Because the district court's factual findings are supported by substantial evidence and are not clearly wrong and its legal conclusions are sound, Westman has not demonstrated that the district court erred by denying this claim.

(Exh. 53 at 1-2.) The state courts' factual findings, as outlined above, are presumed correct. 28 U.S.C. § 2254(e)(1). As to Grounds 1(a) and 2, petitioner has failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced under *Strickland*. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's rulings were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the rulings were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court denies habeas relief as to Grounds 1(a) and 2, the remaining grounds in the petition.

## IV. CERTIFICATE OF APPEALABILITY

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this court's denial of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

## V. CONCLUSION

It is therefore ordered that the petition for a writ of habeas corpus is denied.

It is further ordered that petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS 6th day of September 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE